UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AMANDA HERNANDEZ, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| *Plaintiff*, | § § | No._____ |
| v. | § § | |
| GLOBAL PRISONER SERVICES, LLC d/b/a TEXAS PRISONER TRANSPORTATION SERVICES, | § § § § § § | |
| *Defendant*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Amanda Hernandez (referred to as "Plaintiff" or "Hernandez") bringing this collective action and lawsuit on behalf of herself and all other similarly situated employees to recover unpaid overtime wages from Defendant Global Prisoner Services, LLC d/b/a Texas Prisoner Transportation Services (referred to as "Texas Prisoner Transportation" or "Defendant"). In support thereof, she would respectfully show the Court as follows:

### I. Nature of Suit

1. Hernandez's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2.     The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a).  To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3.     Defendant failed to pay Plaintiff and other similarly situated employees for all hours worked in violation of the FLSA.

4.     Defendant further violated the FLSA by employing Plaintiff and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed."  29 U.S.C. § 207(a)(1).

5.     Additionally, Defendant violated the FLSA by failing to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

6.     Hernandez brings this collective action under 29 U.S.C. § 216(b) on behalf of herself and all other similarly situated employees to recover unpaid regular and overtime wages.

## II.  Jurisdiction & Venue

7.     The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

8.	Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendant reside in the San Antonio Division of the Western District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the San Antonio Division of the Western District of Texas.

### III.  Parties

9.	Amanda Hernandez is an individual who resides in Bexar County, Texas and who was employed by Defendant during the last three years.

10.	Global Prisoner Services, LLC d/b/a Texas Prisoner Transportation Services is a Tennessee company that may be served with process by serving its registered agent: Thor Catalogne, at 108 E. Highway 79, Thrall, Texas 76578. Alternatively, if the registered agent of Global Prisoner Services, LLC d/b/a Texas Prisoner Transportation Services cannot with reasonable diligence be found at the company's registered office, Global Prisoner Services, LLC d/b/a Texas Prisoner Transportation Services may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

11.	Whenever it is alleged that Defendant committed any act or omission, it is meant that Defendant's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of the Defendant or was done in the routine and normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

12. Defendant contracts with local and state governments to perform inmate transportation services between prisons and other facilities; it does business in the territorial jurisdiction of this Court.

13. Defendant employed Plaintiff as an Extradition Officer.

14. Plaintiff's job duties were primarily manual labor in nature, requiring little to no official training, much less managerial skill or power.

15. Plaintiff's job duties included transporting inmates between prisons and other facilities in passenger vans weighing less than 10,001 pounds.

16. Plaintiff was employed by Defendant from approximately October 2017 to June 2018 and again from January 2019 to February 2019.

17. During Hernandez's employment with Defendant, she was engaged in commerce or the production of goods for commerce.

18. During Hernandez's employment with Defendant, the company had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

19. During Hernandez's employment with Defendant, the company had an annual gross volume of sales made or business done of at least $500,000.

20. Defendant paid Hernandez on an hourly basis.

21. Defendant required Hernandez and other extradition officers to work off-the-clock.

22. If Plaintiff worked a 24-hour period, recorded on her timesheets, Defendant would only pay her for 22 hours.

23. If Plaintiff or other extradition officers indicated they worked 24-hours, Defendant would deduct a minimum of two hours.

24. These deductions occurred multiple times per workweek, depending on the number of days Plaintiff and the other extradition officers worked.

25. In other words, Plaintiff and the other extradition offers were not paid for all hours worked in violation of the FLSA.

26. During Hernandez's employment with Defendant, she regularly worked in excess of forty hour per week.

27. Defendant knew or reasonably should have known that Hernandez worked in excess of forty hours per week.

28. Defendant did not pay Hernandez overtime "at a rate not less than one and one-half times the regular rate at which [she was] employed." 29 U.S.C. § 207(a)(1).

29. Instead, Defendant required Plaintiff and other extradition officers to work off-the-clock and/or manipulated their time records to reflect fewer hours than they actually worked.

30. Defendant knew or reasonably should have known that Hernandez and the other extradition officers were not exempt from the overtime provisions of the FLSA.

31. Defendant failed to maintain accurate time and pay records for Hernandez as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

32. Defendant knew or showed a reckless disregard for whether its pay practices violated the FLSA.

33. Defendant is liable to Hernandez for her unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

34. All extradition officers employed by Defendant are similarly situated to Hernandez because they (1) have similar job duties; (2) regularly worked in excess of forty hours per week; (3) are not paid all of their regular hours and/or overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Defendant pursuant to 29 U.S.C. § 216(b).

V. **Count One—Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)**

35. Hernandez adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

36. During Hernandez's employment with Defendant, she was a non-exempt employee.

37. As a non-exempt employee, Defendant was legally obligated to pay Hernandez "at a rate not less than one and one-half times the regular rate at which [she was] employed[]" for the hours that she worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

38. Defendant did not pay Hernandez overtime as required by 29 U.S.C. § 207(a)(1) for the hours she worked in excess of forty per week.

39. Instead, Defendant either did not pay Plaintiff at all for the hours she worked in excess of 22 hours per day and/or manipulated Plaintiff's time records to reflect fewer hours worked per week.

40. In other words, Defendant paid Hernandez for her overtime at a rate less than one and one-half times the regular rate at which she was in employed in violation of the FLSA.

41. If Defendant classified Hernandez or the other extradition officers as exempt from the overtime requirements of the FLSA, they were misclassified because no exemption excuses the Defendant's noncompliance with the overtime requirements of the FLSA.

42. Defendant knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Defendant willfully violated the overtime requirements of the FLSA.

### VI. Count Two—Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

43. Hernandez adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

44. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

45. In addition to the pay violations of the FLSA described above, Defendant also failed to keep proper time and pay records as required by the FLSA.

## VII. Count Three—Collective Action Allegations

46. Hernandez adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

47. On information and belief, other employees have been victimized by Defendant's violations of the FLSA identified above.

48. These employees are similarly situated to Hernandez because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied regular wages at their regular rate and overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

49. Defendant's policy or practice of failing to pay regular and overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

50. Since, on information and belief, Hernandez's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

51. All employees of Defendant, regardless of their rates of pay, job titles or locations in which they worked who were not paid at their regular rates for all hours worked and/or at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All current and former extradition officers who were not paid all regular and/or overtime compensation during the last three years.

52. Defendant is liable to Hernandez and all other extradition officers for the difference between what it actually paid them and what it was legally obligated to pay them.

53. Because Defendant knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, Defendant owes Hernandez and the members of the putative class their unpaid overtime wages for at least the last three years.

54. Defendant is liable to Hernandez and the members of the putative class in an amount equal to their unpaid overtime wages as liquidated damages.

55. Defendant is liable to Hernandez and the members of the putative class for their reasonable attorneys' fees and costs.

56. Hernandez has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of her and all other putative class members.

## VII. Prayer

57. Hernandez prays for the following relief:

    a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

    b. judgment awarding Hernandez and the members of the putative class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

    c. postjudgment interest at the applicable rate;

    d. incentive awards for any class representative(s); and

    e. all such other and further relief to which Hernandez and the putative class may show themselves to be justly entitled.

        Respectfully Submitted,

        MOORE & ASSOCIATES

By: /s/ Melissa Moore
        Melissa Moore
        State Bar No. 24013189
        Federal Id. No. 25122
        Curt Hesse
        State Bar No. 24065414
        Federal Id. No. 968465
        Lyric Centre
        440 Louisiana Street, Suite 675
        Houston, Texas 77002
        Telephone: (713) 222-6775
        Facsimile: (713) 222-6739

        **ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Bridget Davidson
State Bar No. 24096858
Federal Id. No. 3005005
MOORE & ASSOCIATES
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739